# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONN HOMER | : | CIVIL ACTION |
| v. | : | |
| THE LAW OFFICES OF FREDERIC I. WEINBERG & ASSOCIATES, P.C. | : | NO. 17-880 |

## MEMORANDUM OPINION

**Savage, J.**                                                              November 9, 2017

This action raises two issues regarding the efficacy of a validation notice under Section 1692(g) of the Fair Debt Collection Practices Act (FDCPA) the Third Circuit has yet to address. The first is whether a notice advising the debtor that the debt collector must "hear from" the debtor within thirty days to dispute the debt complies with the FDCPA. The other is whether a validation notice that demands that the debt collector receive the debtor's dispute within thirty days impermissibly shortens the thirty-day period under section 1692g(a) the debtor has to act.

We conclude that the validation notice in this case violates the FDCPA because it misleads and deceives the debtor about how and when to dispute the debt. The notice leads the debtor to believe that he may dispute the debt orally when only a written notice of dispute is effective. It also requires the debtor to act to dispute the debt in less time than the FDCPA provides. Therefore, we shall grant the plaintiff's motion for summary judgment and deny the defendant's motion.[1]

---

[1] The parties filed cross motions for summary judgment. They agree that the essential facts are undisputed and the motions present issues of law.

## Background

The Law Offices of Frederic I. Weinberg & Associates, P.C., a debt collector, sent Ronn Homer a dunning letter attempting to collect a credit card debt owed to Barclays Bank of Delaware. The letter read, in part, as follows:

> Unless this office hears from you within thirty (30) days after receipt of this letter that you dispute the validity of the debt, or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days of your receipt of this letter that the debt or any portion thereof is disputed, this office will obtain verification of the debt or, if the debt is founded upon a judgment, a copy of the judgment will be obtained and this office will mail to you a copy of such verification or judgment.[2]

The parties dispute whether the notice violates the FDCPA.[3] They disagree about the meaning of a single sentence. It reads, "[u]nless we hear from you within thirty (30) days after receipt of this letter that you dispute the validity of the debt, or any portion thereof, this office will assume the debt is valid."

Homer initially contended that the language violates the FDCPA because it misleads the consumer about both how to dispute the debt and when to do so. In his amended complaint, he omitted the claim that the least sophisticated debtor would understand the language to mean that he could dispute the validity of the debt merely by calling Weinberg's office even though only a written dispute is effective. He continues to assert that the letter impermissibly shortens the statutory thirty-day dispute period

---

[2] Am. Compl. (Doc. No. 5), Ex. A.

[3] 15 U.S.C. § 1692, *et seq.*

because it misinforms the debtor that Weinberg must receive the notice of dispute within thirty days rather than he must send it within that time. Nevertheless, in considering the thirty-day dispute period language, we necessarily need to analyze the efficacy of the notice in its entirety, including whether it misleads the consumer about how to dispute a debt.

Weinberg argues that the letter mirrors the statute and does not limit the time the debtor has to dispute the debt. Weinberg maintains that "hears from you" is a "colloquial phrase that does not alter the meaning of the statute's requirement that the debtor must 'dispute' the validity of the debt within the 30 day period."[4]

**Analysis**

Section 1692g(a) of the FDCPA requires a debt collector to send a consumer a written notice of rights within five days of an initial communication in connection with the collection of a debt. The notice, commonly referred to as a validation of rights notice, must include:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

---

[4] Mem. of Law in Supp. of Def.'s Mot. for Summ. J. (Doc. No. 13-1) ("Def. Mot. for Summ. J.") at 8.

>   > verification or judgment will be mailed to the consumer by the debt collector; and
>   
>   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The purpose of the notice is to advise the debtor of his right to dispute the validity of the debt and how to do so. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013) (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008). When a consumer disputes the debt, the debt collector must cease collection efforts until verification of the debt is mailed to the consumer. 15 U.S.C. § 1692g(b).

The FDCPA does not presume that a debtor who receives a dunning letter knows he has the right to dispute the debt and to request verification of the debt. Instead, it obligates the debt collector to inform the debtor of his rights. *Jacobson*, 516 F.3d at 90. Because the notice confers important rights upon consumers, it must be conveyed effectively. *Wilson*, 225 F.3d at 354.

In assessing the efficacy of a debt collector's notice, we do so from the perspective of the least sophisticated debtor. *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991). The notice must be examined in the context of the entire notice. *See Wilson*, 225 F.3d at 354 (reviewing the entirety of the collection letter). It need not quote the statute verbatim. Nevertheless, it must be clear enough that the consumer understands his right to contest the validity of the debt. It may not be confusing or misleading. It may

4

not be "overshadowing or contradictory." *Id.* (internal quotation marks omitted) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)). In short, the notice must be sufficiently clear and unambiguous to inform the consumer of his rights.

### *"Hears From You" Language*

The letter here is misleading. It creates the impression that the debtor can dispute the debt by calling the debt collector. The phrase "[u]nless we hear from you" imparts the understanding that the debtor can dispute the validity of the debt orally. Contrary to Weinberg's characterization, "hears from you" is not a colloquial phrase that a reasonable debtor, let alone a least sophisticated debtor, would construe to mean that a dispute must be in writing.

Weinberg relies upon *Max v. Gordon & Weinberg, P.C.*, Civ. No. 15-2202, 2016 WL 475290 (D.N.J. Feb. 8, 2016), where the district court found the same "unless this office hears from you" language compliant with the FDCPA. In that case, observing that the notice mirrored the language in section 1692g(a), the court concluded that a least sophisticated debtor, reading the notice in its entirety, would know he had to dispute the debt in writing. *Id.* at *3. We disagree.

Undoubtedly, subsection (a)(3) does not mention the words "in writing" as subsections (a)(4) and (a)(5) do. The statutory language is not clear, creating a judicial split. Some courts have held that the debtor may dispute the debt by written or oral notice. Other courts, like the Third Circuit, require the dispute be made in writing.

If the statutory language were clear, there would have been no need for a judicial pronouncement that subsection (a)(3) required that a dispute had to be in writing to be

effective. The uncertainty created by the ambiguity was enough to instigate the Third Circuit to address the absence of the words "in writing" in subsection (a)(3). *Graziano*, 950 F.2d at 112. In *Graziano*, the Court held that a valid dispute had to be in writing even though subsection (a)(3) does not state it explicitly. Had the statute unambiguously required that a writing was necessary, the Third Circuit would not have had to say so. Nor would the statute's ambiguity have caused a circuit split.

Whether the language of subsection (a)(3) requires that a dispute must be in writing to be effective has divided courts. Unlike the Third Circuit, the Second, the Fourth and the Ninth Circuits have held that the debtor need not provide written notice to dispute the validity of the debt. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013); *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 490 (4th Cir. 2013); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

The division in the courts demonstrates why merely mirroring the language of subsection (a)(3) does not effectively communicate that a dispute must be in writing. It does confirm that the language, read in the entirety of section 1692g, is susceptible to two meanings—one that a debtor may dispute the debt orally, and the other that he may dispute it either orally or in writing. It illustrates how a least sophisticated debtor would be confused and uncertain of his rights. If courts reading the statutory language interpret it differently, how could the least sophisticated debtor not. Thus, in the Third Circuit, mirroring the statutory language does not excuse the debt collector from explicitly advising the debtor that a dispute must be in writing to be valid.

In those circuits that interpret the statute as allowing a debtor to dispute the debt

orally, the notice here would pass muster. In other circuits, including the Third Circuit, that require the dispute to be in writing, the notice is not effective because it is misleading and contradictory. It does not clearly communicate that a dispute must be in writing. On the contrary, it misleads the debtor to believe that he may dispute the debt orally.

The plain language of subsection (a)(3) does not impose an "in writing" requirement. It does not explicitly require a writing. To impose such a requirement, some courts have found the requirement inherent in the statute because to do otherwise would be inconsistent with the other dispute mechanisms in section 1692g. *See Graziano*, 950 F.2d at 112. *But see Hooks*, 717 F.3d at 286; *Clark*, 741 F.3d at 491 (rejecting argument); *Camacho*, 430 F.3d at 1081–82.

In *Caprio*, the Third Circuit held that a validation notice that invited the debtor to call the debt collector to dispute the debt violated the FDCPA. *Caprio*, 709 F.3d at 152. It found that the notice misled the debtor to believe he could dispute the debt "by making a telephone call". The court explained, "[i]n short, the Validation Notice was overshadowed and contradicted because the 'least sophisticated debtor' would be 'uncertain as to her rights.'" *Id.* It concluded that the "'least sophisticated debtor' would take the easier—but legally ineffective—alternative of making a toll-free telephone call to dispute the debt instead of going to the trouble of drafting and then mailing a written dispute." *Id.*

In the Third Circuit, advising the debtor that he can dispute the debt either orally or in writing is misleading. The "hears from you" language is deceptive because it suggests that the dispute may be made orally. The debtor, reading the Weinberg notice, may

7

incorrectly believe he can dispute the validity of the debt by merely calling the debt collector, relieving the debt collector of its obligation to provide verification and allowing it to continue collection efforts. Therefore, we conclude that the Weinberg letter violates section 1692g of the FDCPA.

*Time to Dispute*

Homer contends that Weinberg impermissibly shortened the time he had to dispute the debt. The collection letter required Homer to contact Weinberg's office "within thirty (30) days after the receipt of this letter" to dispute the validity of the debt. Homer contends that the statute requires the debtor to initiate the dispute process by sending the dispute letter within thirty days, not that the debt collector has to receive it within that time. The issue is whether the debt collector must receive the dispute within thirty days or the debtor must send it within thirty days, which is a longer time for the debtor to act.

The Third Circuit has not addressed whether a debt collector's validation notice advising a debtor that notice of dispute must be received within thirty days violates the FDCPA. The Second and the Seventh Circuits have. Those courts have held that language shortening the dispute period violates the FDCPA.

In *Jacobson*, the collection letter advised that, "[i]f your payment or notice of dispute is not received in this office within 30 days, we shall recommend further action be taken against you to collect this outstanding balance." *Jacobson*, 516 F.3d at 88. The letter further explained that, "[u]nless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will

8

assume this debt is valid." *Id.*

The Second Circuit held that the letter violated the FDCPA. It explained that, "[b]y requiring the notice to be received by the debt collector within thirty days, the letter shortens the period during which the recipient may seek verification of the debt." *Id.* at 95.

The *Jacobson* court observed that "[s]ection 1692g(a)(3) requires the validation notice to state that the debtor may dispute the debt within thirty days *after receipt of the notice.*" *Id.* at 92. Accordingly, the Court concluded "that the FDCPA gives the consumer thirty days to mail the notice." *Id.* at 95. The Court stated that "a debt collector violates § 1692g(a), even if the collector includes an accurate validation notice, if that notice is overshadowed or contradicted by other language in communications to the debtor." *Id.* at 90.

The Seventh Circuit also held that a collection letter that demanded payment or notice that the debt was disputed within thirty days of receipt of the letter violated the FDCPA. *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516 (7th Cir. 1997). The collection letter in *Chauncey* demanded payment within thirty days of receipt of the letter. Both the demand for payment and the validation notice advised the debtor that either payment or a dispute had to be made within thirty days of receipt of the notice. *Id.* at 518.

The *Chauncey* court held that the letter demanding that either payment or a dispute must be received by the debt collector within the thirty-day period violated the FDCPA because it required the debtor to mail payment or to contest the debt before the expiration of the thirty-day period. *Id.* at 519. The Court noted that subsections (a)(3)

and (a)(4) of section 1692g(a) gives the consumer thirty days after receipt of the notice to dispute the validity of a debt.  *Id.*  Yet, the collection letter required that the debtor had to act earlier to assure that the debt collector received the notice of the dispute within thirty days.  Accordingly, the *Chauncey* court concluded that the letter was contradictory and misleading to the least sophisticated debtor.  *Id.*

In sum, *Jacobsen* and *Chauncy* stand for the rule that section 1692g(a) requires the debtor to send the written dispute within thirty days after receipt of the collection letter. It does not require that the debt collector receive it within the thirty days.

Weinberg's collection letter is no different than the letters in *Jacobson* and *Chauncey*.  It required Homer to act sooner than the statute requires.  It demanded that Homer had to send his dispute in enough time to insure that Weinberg received it within thirty days.  Therefore, agreeing with the reasoning of the Second and the Seventh Circuits, we conclude that the Weinberg letter violates section 1692g(a) of the FDCPA.

## Conclusion

Because Weinberg's validation notice violates the FDCPA, we shall deny the defendant's motion for summary judgment and grant the plaintiff's cross-motion.

<u>/s/TIMOTHY J. SAVAGE</u>