**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONN HOMER<br>　　　　　　Plaintiff<br><br>vs.<br><br>THE LAW OFFICES OF FREDERIC I.<br>WEINBERG & ASSOCIATES, P.C.<br>　　　　　　Defendant | CIVIL ACTION<br><br><br><br>NO. 17-cv-00880(TJS) |

**PLAINTIFF'S OPPOSITION TO MOTION UNDER RULE 58(e)
TO TREAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AS A TIMELY MOTION UNDER RULE 59**

Plaintiff, Ronn Homer hereby opposes Defendant's Motion (Doc. No. 32). Plaintiff incorporates the within brief.

Respectfully submitted:

Date: 1/12/18

*/s/ Cary L. Flitter*
CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS
Attorneys for Plaintiff

FLITTER MILZ, P.C.
450 N. Narberth Ave., Ste. 101
Narberth, PA, 19072
(610) 822-0782

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONN HOMER<br>　　　　　　Plaintiff<br><br>vs.<br><br>THE LAW OFFICES OF FREDERIC I.<br>WEINBERG & ASSOCIATES, P.C.<br>　　　　　　Defendant | CIVIL ACTION<br><br><br><br>NO. 17-cv-00880(TJS) |

### PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION UNDER RULE 58(e) TO TREAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AS A TIMELY MOTION UNDER RULE 59

**I.   This Court is without jurisdiction or authority to extend the expired time period to appeal.**

This Court entered final judgment on November 9, 2017. (Doc. 23). Defendant had 30 days from the date of judgment to file a notice of appeal. FED. R. APP. P. 4(a)(1)(A). The time to appeal the judgment expired Monday, December 11, 2017. Defendant did not appeal, yet filed the instant Motion on January 4, 2018 (Doc. 32) to "toll" the time to appeal the judgment until the Plaintiff's motion for statutory attorney fees is resolved.

It is settled that a judgment on liability and damages is a "final order" for appeal purposes even if a motion for statutory counsel fees is pending. *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 202 (1988) ("… an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final."). This rule was reiterated by the Supreme Court in *Roy Haluch Gravel Co. v. Central Pension Fund*, 134 S. Ct. 773, 781 (2014). Weinberg's failure to file the tolling motion prior to the expiration of the time to appeal renders this Court without jurisdiction to enter an order tolling the appeal period.

Rule 58's drafters made it abundantly clear that a district court lacks discretion to extend the appeal period if the time to notice an appeal has expired. The 1993 Advisory Committee

notes explain that a tolling order such as the one Defendant requests "requires entry of an order by the district court before the time a notice of appeal becomes effective for appellate purposes." 1993 Advisory Committee Notes to Fed. R. Civ. P. 58.

All of the federal circuit courts addressing this issue agree that a district court cannot use Rule 58(e) to extend the appeal period after the time to appeal has expired. *See, Heck v. Triche*, 775 F.3d 265, 275 (5th Cir. 2014); *Robinson v. City of Harvey*, 489 F.3d 864, 868 (7th Cir. 2007); *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306, 313 (2d Cir. 2000). When the time to appeal has expired, district courts are "without jurisdiction to enter an order tolling the time to file a notice of appeal." *Del Amo v. Baccash*, No. 07-663, 2008 WL 5179022, at *2 (C.D. Cal. Dec. 9, 2008).[1]  As such, a Rule 58(e) Motion cannot retroactively revive the time to appeal after a judgment becomes final and unappealable. *Burnley v. City of San Antonio*, 470 F.3d 189, 200 (5th Cir. 2006); a*ccord Donut Joe's, Inc. v. Interveston Food Servs., LLC*, 131 F. Supp. 3d 1277, 1280 (N.D. Ala. 2015); *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. 05-8891, 2015 WL 13579165, at *5 (C.D. Cal. Jan. 8, 2015) (collecting cases).[2]

## II.     Defendant's request is contrary to the goal of increasing judicial efficiency.

Defendant argues that the relief it seeks would conserve judicial resources. (Def. Motion at ¶ 15, Doc. 32).  But allowing an untimely motion to toll the appeal period is actually contrary to the goal of judicial efficiency.  When a losing party fails to file a timely notice of appeal "and has failed even to timely move for an authorized extension, there is no efficiency to be achieved by entering a Rule 58/54/59 order." *See Mendes Junior Int'l Co.*, 215 F.3d at 314.  "[I]f a Rule

---

[1]     Weinberg did not address timeliness or any of these authorities in his Rule 58(e) Motion (Doc. 32).

[2]     *Burnley* and some of the other cases cited apply Rule 58(e)'s predecessor, Rule 58(c).  For the purposes of Defendant's Motion, there are no meaningful differences between these versions of Rule 58.

2

58/54/59 order could revive the losing party's expired right to appeal, the work of the courts could only be increased rather than expedited." *Id.*

If the court could revive the time to appeal, "the prevailing party would have no assurance [of finality], no matter how long its fee motion remained pending." *Id.* at 314–15.  As such, granting Defendant's untimely Motion runs contrary to the dual goals of efficiency and finality.

### III.     Jurisdiction aside, this straightforward case is not a candidate for tolling.

The (lack of) jurisdiction issue to the side, this instant case is not a good candidate for the court to exercise its discretion in favor of tolling.  The premise behind such a request is to have one instead of two complex appeals, but this case shall likely generate no appeals.   One can envision a complex case with multiple parties, federal and state claims, on which, after trial, a plaintiff prevails on some (but not all) of his theories.  Many legal issues would be presented for an appeal. An attorney fee motion in such a proceeding would be fraught with legal – and potentially appellate – issues, such as whether plaintiff is a "prevailing party," whether time spent on non-fee shifting claims should be compensated, whether a losing defendant is liable for any attorney time spent pursuing a theory against a winning defendant, etc.  *See generally* WRIGHT AND MILLER, 10 FED. PRAC. & PROC. CIV. § 2675.2 (3d ed. 2017) (confronting multiple issues in award of counsel fees).

In this case, Plaintiff prevailed at summary judgment on a single count claim against one defendant for agreed statutory damages.  Movant's opposition to the fee request challenges only one counsel's hourly rate and whether a handful of time entries were warranted. (Doc. 28). Resolution of this modest fee request is in this Court's discretion under settled appellate precedent.  In other words, the fairly simple fee motion is unlikely to be appealed.

Just as there are not complex issues of law arising from the fee motion, the underlying FDCPA ruling is supported by two precedential, cogent decisions from sister courts of appeal. *See Homer v. Weinberg*, 2017 WL 5184193, *4 (E.D. Pa. Nov. 9, 2017) *citing Chauncey v. JDR Recovery Corp*, 118 F.3d 516 (7th Cir. 1997) and *Jacobsen v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2d Cir. 2008). Weinberg has not pointed to any appellate decision that supports his position on liability, and thus has provided no basis to think that the Third Circuit would decline to follow the other circuits. This is not the rare case where the District Court would wish to avoid complex fee litigation until a novel or complex liability ruling is resolved first in the Court of Appeals and thereby "generate substantial efficiencies that justify delay …" *See PSM Holding*, 2015 WL 13579165 at *5. Assuming *arguendo* that this Court had the jurisdiction to consider Defendant's belated request – and it does not – this case does not present a prudent vehicle to depart from the general rule of finality.

Supplemental Counsel Fees

Finally, Defendant's instant motion has caused Homer to have to spend counsel time to oppose. Weinberg's motion raised issues of appellate jurisdiction, timeliness, and discretionary factors under Fed. R. Civ. P. 58(e). Plaintiff has been required to brief this opposition, and counsel has spent $3,954.00 in legal time opposing this motion. Plaintiff requests that his fee petition (Doc. 25) be deemed amended to recover this time reasonable spent.

The amount of the fee application is as follows:

| Explanation | Amount |
| --- | --- |
| Fees & Costs per Fee Petition (Doc. 25) | $27,691.00 |
| Reply Brief Fees (Net) (Doc. 31, p. 11 of 13) | $ 2,733.00 |
| Instant Brief in Opposition (to Doc. 32) | $ 3,954.00 |
| Total | $34,378.00 |

Plaintiff offers the Supplemental Certification of Cary L. Flitter submitted herewith, that will be docketed of record.[3]

## IV.    CONCLUSION

Defendant's untimely motion cannot be used a vehicle to revive an already expired appeal period.  Because district courts lack the jurisdiction to grant the relief Defendant requests – and this case does not warrant tolling in any case  – this Court must deny Defendant's motion.

DATE:   1/12/18                                         */s/  Cary L. Flitter*
                                                                              CARY L. FLITTER
                                                                              ANDREW M. MILZ
                                                                              JODY THOMAS LÓPEZ-JACOBS
                                                                              Attorneys for Plaintiff
                                                                              FLITTER MILZ, P.C.
                                                                              450 N. Narberth Avenue, Suite 101
                                                                              Narberth, PA  19072
                                                                              (610) 668-0011

---

[3]    It is unfortunate with a contested counsel fee petition pending that Defendant would file a motion such as this which is clearly out of time.  But even an untimely motion calls for proper opposition and, as one court put it "[A]lthough defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost" *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981); *accord Hull v. Owen County State Bank*, 2014 WL 1328412 *4 (S.D. Ind. Mar. 31, 2014) (quoting *McGowan*).

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONN HOMER<br>　　　　　Plaintiff<br><br>vs.<br><br>THE LAW OFFICES OF FREDERIC I.<br>WEINBERG & ASSOCIATES, P.C.<br>　　　　　Defendant | CIVIL ACTION<br><br><br><br>NO. 17-cv-00880(TJS) |

**CERTIFICATE OF SERVICE**

I, CARY L. FLITTER, hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to:

Richard Perr
FINEMAN, KREKSTEIN & HARRIS, P.C.
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103
*Attorney for Defendant*

Said document is available for viewing and downloading from the ECF system.

Date:  1/12/18                             */s/  Cary L. Flitter*
　　　　　　　　　　　　　　　　　　　　　　CARY L. FLITTER