**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONN HOMER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **THE LAW OFFICES OF FREDERIC I.** | : | |
| **WEINBERG & ASSOCIATES, P.C.** | : | **NO. 17-880** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                       **April 5, 2018**

After the time to file a notice of appeal from the judgment entered in this action expired and while the plaintiff Ronn Homer's timely motion for attorney's fees was pending, the defendant, The Law Offices of Frederic I. Weinberg, moved under Fed. R. Civ. P. 58(e) for an order to treat the motion for attorney's fees as one made under Fed. R. Civ. P. 59, tolling the appeal period until the fee motion is decided. Homer contends we cannot extend the time because the time to appeal the judgment has already expired.

On November 9, 2017, judgment was entered in favor of plaintiff Ronn Homer.[1] On November 27, 2017, Homer filed a motion for attorney's fees under Fed. R. Civ. P. 54(d).[2] Weinberg filed a response in opposition.[3] On January 4, 2018, Weinberg moved under Rule 58(e) requesting that Homer's motion for attorney's fees be treated as a timely motion under Rule 59 for the purpose of tolling the time to take an appeal.[4]

---

[1] Order Granting J. for Pl. (Doc. No. 23).

[2] Pl.'s Mot. for Atty's Fees (Doc. No. 25).

[3] Def.'s Opp'n to Pl.'s Mot. for Atty's Fees (Doc. No. 28).

[4] Def.'s Rule 58 Mot. (Doc. No. 32).

A notice of appeal must be filed within thirty days from the entry of judgment. Fed. R. App. P. 4(a)(1)(A). The time limit may be extended when a motion for attorney's fees under Rule 54 has been filed so that the judgment and the attorney fee decision can be considered in one appeal. Fed. R. App. P. 4(a)(4)(A)(iii); 12 James Wm. Moore et al., Moore's Federal Practice § 58.04 (2018).[5]

Rule 58 provides that "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under [Fed. R. App. P.] 4(a)(4) as a timely motion under Rule 59." Fed. R. Civ. P. 58(e).[6] In other words, a court may toll the running of time to file a notice of appeal from a judgment while a timely motion for attorney's fees is pending.

Homer contends that once the thirty-day period has passed, the district court cannot extend the time. Weinberg has not addressed this argument. Thus, the question is whether a district court may only extend the time for appeal "before a notice of appeal has been filed and become effective" as the Rule states.

Although the Third Circuit has not addressed the issue, the Second, the Fifth,

---

[5] The appellate procedural rule states:

> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure–and does so within the time allowed by those rules–the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58[.]

Fed. R. App. P. 4(a)(4)(A)(iii).

[6] Rule 59 governs motions to alter and amend judgment, which are among the enumerated motions under Fed. R. App. P. 4(a)(4)(A) resetting the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

2

and the Seventh Circuits have held that a court may not extend the time period after the thirty-day period has expired. *See Robinson v. City of Harvey*, 489 F.3d 864, 868–69 (7th Cir. 2007); *Burnley v. City of San Antonio*, 470 F.3d 189, 199–200 (5th Cir. 2006); *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306, 313–15 (2d Cir. 2000).[7] We agree.

The Second Circuit, in *Mendes Junior International Company v. Banco do Brasil, S.A.*, 215 F.3d 306 (2d Cir. 2000), concluded that Rule 58 places a temporal restriction on the court's power to extend the time to file a notice of appeal by treating a timely motion for attorney's fees under Rule 54 as a motion under Rule 59. *Id*. at 312. The *Mendes* court explained, "[t]he phrase '*before* a notice of appeal has been filed and has become effective,' . . . plainly means that if a notice of appeal has been filed and is effective, such an order cannot properly be entered." *Id.* at 313 (emphasis in original). Consequently, after the time to file an appeal has expired, there is no time period to extend. *Id.* To conclude otherwise would result in an indeterminable period to appeal that would have the effect of reviving an expired appeal. *Id.* at 313–14.

The Fifth and Seventh Circuits adopted the *Mendes* approach. *See Robinson*, 489 F.3d at 868–69 (rejecting the position that a district court had the power to revive an already-expired time for appeal under Rule 58); *Burnley*, 470 F.3d at 199 (finding no reason for the court to issue a Rule 58 order where the appeals from the merits judgment and fee judgment could not be taken at the same time).

---

[7] *See also Donut Joe's, Inc. v. Interveston Food Servs., LLC*, 131 F. Supp. 3d 1277, 1279–80 (N.D. Ala. 2015). *Cf. Wikol ex rel. Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604, 610 (6th Cir. 2004) (disposing a Rule 58 order entered after the underlying fee motion was already denied and a notice of appeal was filed).

3

We agree with those courts. If the thirty-day period to file an appeal has expired, the ability to effectuate an appeal is lost. Thus, once the appeal period has run, the court has no authority to extend the time to file a notice of appeal from a judgment.

Final judgment in favor of Homer was entered on November 9, 2017.[8] Weinberg had until December 11, 2017 to file a Rule 58(e) motion to treat Homer's motion for attorney's fees as a timely motion under Rule 59. Fed. R. App. P. 4(a)(1)(A). It did not do so until January 4, 2018.[9] Therefore, because Weinberg did not move under Rule 58 before the notice of the appeal was filed and the appeal became effective, we shall deny its motion.

---

[8] Order Granting J. for Pl.

[9] Def.'s Rule 58 Mot.